BLD-286                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2693
_____

ERIC LYONS,
                              Appellant

v.

SECRETARY OF DEPARTMENT OF CORRECTIONS; DONALD KELCHNER;
RICHARD SOUTHERS, ANDY HUBER; SHARON BURKS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-02278)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2011)
_____

OPINION
_____

PER CURIAM

    Eric Lyons, a prisoner proceeding pro se, appeals from orders of the United States

District Court for the Middle District of Pennsylvania dismissing his civil rights action

brought pursuant to 42 U.S.C. § 1983.  We will affirm the judgment of the District Court.

I.

On April 5, 2006, Lyons was transferred from SCI-Fayette to the Special

Management Unit ("SMU") at SCI-Camp Hill.  Shortly thereafter, the SMU Property

Officer, Adam Huber, conducted an inventory of Lyons' property.  Because Lyons'

property exceeded the amount that prison regulations permitted him to keep in his cell,

Officer Huber confiscated a portion of Lyons' legal material.[1]  Lyons challenged the

confiscation of his property through the prison administrative grievance process.  When

that process proved unsuccessful, Lyons filed a complaint in the District Court.  Lyons

claimed that he was deprived of his property without due process, challenged the

Department of Corrections' ("DOC") policy that limits the amount of property inmates

may possess, and argued that his right of access to the courts was violated.  He named as

defendants Officer Huber, as well as prison officials who had participated in the

grievance process.

The defendants filed a motion to dismiss, arguing that Lyons did not suffer a due

process violation because he had adequate post-deprivation remedies and that he had

failed to exhaust any claim related to the prison's policy of limiting SMU prisoners to

one box of personal property.  The District Court agreed with those arguments, but held

that Lyons had set forth a viable access to the courts claim against Officer Huber.  Officer

Huber filed a motion for summary judgment, asserting that Lyons had failed to

---

[1] Prior to the confiscation, Lyons was permitted to examine his legal materials, select
those materials that he wanted to keep in his cell, and place the remainder in storage

demonstrate that the confiscation of his property resulted in the loss of an arguable legal claim. After carefully examining Lyons' criminal appeal proceedings, a Magistrate Judge concluded that Lyons' ability to litigate his claims had not been prejudiced by the confiscation of his legal papers. Consequently, because Officer Huber had not violated Lyons' constitutional rights, the Magistrate Judge found that Officer Huber was entitled to qualified immunity. Pearson v. Callahan, 555 U.S. 223, 232-33 (2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Over Lyons' objections, the District Court adopted the Magistrate Judge's Report and Recommendation and entered summary judgment in favor of Officer Huber. Lyons appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled

---

boxes or have it sent outside the prison.

to judgment as a matter of law.  Fed. R. Civ. P. 56(a); <u>Kaucher v. Cnty. of Bucks</u>, 455 F.3d 418, 422-23 (3d Cir. 2006).

III.

A.      Due Process

The District Court properly granted the defendants' motion to dismiss.  In his complaint, Lyons alleged that his legal materials were confiscated without due process.  Importantly, however, deprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Here, adequate remedies were available to Lyons, who sought relief through the prison's administrative grievance process.  <u>Tillman v. Lebanon County Corr.</u>, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process).

B.      Failure to Exhaust

Notably, however, Lyons failed to use that process to challenge the DOC policy that limits the amount of written material an inmate in the SMU may possess in his cell.  <u>See</u> <u>Sutton v. Rasheed</u>, 323 F.3d 236, 241-42 (3d Cir. 2003) (describing property restrictions at the SCI-Camp Hill SMU).  The Prison Litigation Reform Act of 1996 (the "PLRA") requires that a prisoner pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  42 U.S.C. § 1997e(a); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  This

"exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner's failure to substantially comply with the procedural requirements of the prison's grievance system will result in a procedural default of the issue and effectively bar the inmate from bringing his claim in federal court. Spruill v. Gillis, 372 F.3d 218, 231-32 (3d Cir. 2004).

Lyons conceded that he did not raise the property limitation issue in his administrative grievance. He argued, though, that he should be excused from compliance with the exhaustion requirement because he was not permitted to challenge prison policies. In particular, Lyons claimed that inmates in the SMU may file grievances which pertain only to the propriety of their confinement in administrative custody. As the Magistrate Judge noted, however, while there are specific policies that govern challenges to administrative custody and inmate discipline, see DC-ADM 801 & 802, the inmate grievance review system is otherwise generally available to inmates in the SMU, see DC-ADM 804. Therefore, because Lyons had an available remedy to challenge the property limitation policy, but failed to utilize that that remedy, the District Court properly dismissed his claim.

C.     Access to the Courts

The District Court also properly granted Officer Huber's motion for summary judgment on Lyons' access to the courts claim. Prisoners have a right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996). Importantly, however, where an

inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. See id. at 352-53. An actual injury is shown only where a nonfrivolous, arguable claim is lost. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). In this case, Lyons argued that the confiscation of his legal materials prevented him from pursuing a Brady claim in his state Post Conviction Relief Act ("PCRA") appeal and in his federal habeas petition. The Brady claim was premised on the prosecution's alleged failure to disclose police records pertaining to a purported alibi witness, Joan Edenfield. As the Magistrate Judge's thorough review of the underlying state PCRA and federal habeas proceedings indicated, however, Lyons capably raised his Brady claim, but lost because his arguments were without merit.

Lyons' legal materials were confiscated shortly after the PCRA court denied his petition. Nevertheless, Lyons continued to pursue the Brady claim in his appeal to the Pennsylvania Superior Court. The Superior Court denied the claim on its merits, holding that because Lyons was aware of the potential alibi, the Commonwealth did not suppress information unknown to him or that he could not have obtained himself with reasonable diligence. Lyons reasserted the Brady claim in his federal habeas petition. The matter was referred to a Magistrate Judge, who recommended denying the Brady claim on its merits. Lyons v. Wilson, 2010 WL 2253751, at *16-19 (W.D. Pa. Feb. 10, 2010). In particular, the Magistrate Judge concluded that "the Commonwealth was not obligated to disclose the police notes from its interview with Edenfield" because Lyons, his mother, and a pastor who was assisting in the defense investigation had contacted Edenfield at

least four times.  Id. at *19.  In addition, the Magistrate Judge held that "there was nothing that prevented [Lyons] from informing the Commonwealth well in advance of trial that [Edenfield] would be an alibi witness."  Id.  Finally, the Magistrate Judge found that Edenfield's testimony was not material to the defense, citing the "overwhelming evidence" of Lyons' guilt, Lyons' inconsistent accounts of his whereabouts, and various weaknesses in the evidence linking Edenfield to Lyons on the night of the crime.  Id.  Importantly, there is no indication that Lyons' Brady claim was rejected because his legal materials were confiscated.  Under these circumstances, we conclude that the District Court properly granted summary judgment in favor of Officer Huber.

IV.

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's judgment.